

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2007 OCT 30  PM 4: 56

LORETTA G. WHYTE
CLERK

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| | CIVIL ACTION |
| **Entek Mechanical Corp.** | No. |
| versus | Section |
| **AA Communications, Inc.,** | Judge |
| **James E. Zoucha, and** | |
| **Gwendolyn Joseph Moyo** | Magistrate Judge |

**07-7653**

**SECT. C MAG 4**

---

### Complaint

Now into Court, through undersigned counsel, comes Entek Mechanical Corporation, and represents as follows:

#### The Parties

1.  Plaintiff is Entek Mechanical Corporation ["EMC"], a California corporation with its principle place of business in Pleasant Hill, California.

2.  Defendant is AA Communications, Inc. ["AA"], a Nevada corporation with its principal place of business in New Orleans, Louisiana.

3.  Defendant is James E. Zoucha, ["Zoucha"] an individual of the full age of majority, domiciled and residing in Oceanside, San Diego County, California.

4.  Defendant is Gwendolyn Joseph Moyo ["Moyo"], an individual of the full age of

___ Fee $350.
___ Process
_X_ Dktd
___ CtRmDep
___ Doc. No.

majority, domiciled and residing in New Orleans, Orleans Parish, Louisiana..

## Jurisdiction and Venue

5.     The jurisdiction of this Court is founded on 28 U.S.C. § 1331.

6.     The venue of this Court is founded on 28 U.S.C. § 1391, this being a judicial

district where a substantial part of the events or omissions giving rise to the claim

occurred.

7.     The Court has supplementary jurisdiction over state law claims as provided by 28

U.S.C.A. § 1367.

## Factual Background

8.     On or about June 30, 2006, EMC was awarded by the United States Department

of Veterans Affairs ["VA"] Contract No. VA261-C-0013 ["Contract"].

9.     EMC purchased from AA a payment and performance bond, as required by the

Contract and applicable laws and regulations.

10.    At all times, AA acted through its officer or representative, Moyo and through its

president, Zoucha.

11.    EMC was informed by AA that it would submit an individual surety and that

such individual surety would be lawful, adequate, and acceptable to the VA and

in full compliance with all applicable laws, regulations and the terms of the

Contract.

12.   AA procured and provided an individual surety executed by Zoucha.

13.   EMC paid to AA the sums of $62,422.00 as premium, and $100,000 as collateral for the bond.

14.   The individual surety executed by Zoucha was submitted to the VA pursuant to the terms of the Contract.

15.   On October 30, 2006, the VA, through its Contracting Officer, issued a Final Decision to EMC terminating the Contract "for default" on the bases that the

> bond cannot be accepted as it does not comply with FAR 28.203-1. The Affidavit of Individual Surety, Block 7(b) states that assets of $1,040,365.00 are deposited in Capital One Bank per the attached agreement. However, the agreement was not provided. In addition, the amount of assets is insufficient to cover 100% of the original contract price for both the payment bond and the performance bond.

> Moreover, the Affidavit of Individual Surety does not specifically identify the type of assets to be held; therefore, acceptability of assets in accordance with FAR 28.203.2 cannot be determined.

> As of today's date you have failed to submit the required bonds; therefore, as a result, this contract is terminated for default effective today.

16.   EMC was defrauded by AA, Moyo, Zoucha, and others.

17.   Unbeknownst to EMC, AA, Moyo and Zoucha fraudulently and without authorization from EMC, submitted an individual surety by Zoucha that failed to meet the criteria established by the Contract and by applicable regulations.

18.   Zoucha represented in writing to the VA's Contracting Officer,

3

> Please be advised that I intend to fund the escrow account, once established at Capital One Bank, on behalf of Entek Mechanical with the followings [*sic*]:
>
> Cash, cash equivalents, and or U.S. Treasuries as authorized in the F.A.R. The bank will provide you with statements verifying the value.
>
> I intend to place on the affidavit of Individual Surety Form, the escrow account number (once I receive it from Capital One Bank) and its value.

19.   Notwithstanding these representations to the VA, Zoucha failed to fund or otherwise lawfully and adequately secure the individual surety that he, Moyo and AA led EMC to believe was lawful and adequate to secure EMC's obligations to the VA.

20.   Since these unlawful actions by AA, Moyo, Zoucha and others, on or about October 25, 2007, Moyo was indicted by the United States of America, for crimes, *inter alia*, related to the unlawful issuance of payment and performance bonds to the United States government, all as set forth in the indictment issued in Criminal Action number 07-384 on the docket of the United States District Court for the Eastern District of Louisiana.

21.   Since these unlawful actions by AA, Moyo, Zoucha and others, the Commissioner of Insurance for the State of Louisiana has initiated proceedings against them, and others, seeking the recovery of the funds fraudulently converted by AA Moyo, Zoucha and others, all as set forth in the matter entitled *James Donelon,*

*Commissioner of Insurance for the State of Louisiana versus United Assurance Company, Ltd., AA Communications, Inc., James E. Zoucha, Cong Li, and Gwen Moyo* bearing number 549,569 on the docket of the 19th Judicial District Court, Parish of East Baton Rouge, State of Louisiana.

22.   AA, Moyo and Zoucha have refused to return the funds tendered to them by EMC, having converted those funds to their own use.

23.   As a result of the criminal acts by AA, Moyo, Zoucha and others, the Contract was terminated for default by the VA, which serves as an impediment to EMC obtaining further contracts with the VA and other departments or agencies of the United States government.

## Count I
## Racketeer Influenced and Corrupt Organizations Act

24.   Zoucha, Moyo and others yet unknown conspired, and in fact acted in furtherance of that conspiracy, to engage in activities affecting interstate commerce through a pattern of racketeering activity, as defined by 18 U.S.C. § 1961(1).

25.   Zoucha, Moyo and others yet unknown, acting through the enterprise known as AA Communications, Inc., engaged in mail fraud, in violation of 18 U.S.C. § 1341.

26.   Specifically, Zoucha and Moyo and others yet unknown devised a scheme or

artifice to defraud, or to obtain money or property by means of false or fraudulent pretenses, representations, or promises, and, for the purpose of executing such scheme or artifice, placed in any post office or authorized depository for mail matter, any matter or thing whatever to be sent or delivered by the Postal Service, or deposited or caused to be deposited any matter or thing whatever to be sent or delivered by any private or commercial interstate carrier, or took or received therefrom, any such matter or thing, and knowingly caused to be delivered by mail or such carrier by fraudulently misrepresenting to EMC the nature and quality of the personal surety bond issued by Zoucha, for the purpose of defrauding EMC and obtaining money (namely, the funds tendered by EMC to AA), including the receipt of funds tendered by EMC, the transmittal of written communications to the VA, the executing and sending through the mails or private of commercial interstate carrier the fraudulent surety bond.

27.   Zoucha, Moyo and others yet unknown, acting through the enterprise known as AA Communications, Inc., engaged in mail fraud, in violation of 18 U.S.C. § 1343.

28.   Specifically, Zoucha and Moyo devised a scheme or artifice to defraud or to obtain money or property by means of false or fraudulent pretenses, representations, or promises, transmitted or caused to be transmitted by means

6

of wire, radio, or television communication in interstate or foreign commerce, writings for the purpose of executing such scheme or artifice, by fraudulently misrepresenting by telephone to EMC the nature and quality of the personal surety bond issued by Zoucha, for the purpose of defrauding EMC and obtaining money (namely, the funds tendered by EMC to AA), including the telephonic communications with EMC's representatives representing the nature and quality of the fraudulent surety bond.

29.     Zoucha and Moyo engaged in a pattern of such fraudulent and criminal activity, utilizing the enterprise known as AA Communications, Inc., including those fifteen counts identified in the indictment issued by the Grand Jury sitting in the United States District Court for the Eastern District of Louisiana on or about October 25, 2007.

30.     For each act aforesaid, Zoucha, Moyo and others yet unnamed utilized fraud or artifices for the purposes of depriving persons of money without any intent to honor the obligations they represented to the purchasers of the various surety bonds.

31.     As a result of the pattern of criminal conduct, utilizing the enterprise known as AA Communications, Inc., Zoucha, Moyo and others yet unknown, have caused damages to EMC, as itemized below.

## Count II
## Violation of Unfair Trade Practice Acts

32.    EMC was a customer of AA.

33.    The acts of AA, Zoucha and Moyo were calculated to deceive members of the public, including EMC.

34.    EMC has suffered an ascertainable loss of money in the form of $100,000.00 given for collateral and $52,018.35 in fees or commissions (being the $62,422 paid in fees and commissions less a return of $10,403.65 tendered by a third-party broker) paid to AA; $1,040,365 being the value of the Contract; and the loss of any future profits from contracts which EMC may not be awarded from the United States of America due to the default caused by the acts of defendants.

35.    The losses sustained by EMC are a direct result of the use of an unfair or deceptive method, act, or practice declared unlawful by La. Rev. Stat. 51:1401 *et seq.*, California law, or other applicable laws, entitling EMC to recover all amounts authorized by applicable law.

## Count III
## Fraud

36.    AA, Moyo, Zoucha and others yet unknown knowingly and willfully misrepresented their ability or intent to obtain or provide a lawful and acceptable payment and performance bond for the VA in exchange for the monies paid them

8

by EMC.

37.    AA, Moyo, Zoucha, and others yet unknown never intended to provide a bond
       in exchange for the monies paid and in fact did not provide a bond, yet retained
       or converted their own use the funds tendered by EMC.

38.    Such acts constitute fraud under Louisiana, California or other applicable law,
       law entitling EMC to recover all amounts provided by Louisiana, California or
       other applicable law, including all damages, foreseeable or not, reasonable
       attorneys' fees, interest, and costs.

### Count IV
### Bad Faith Breach of Contract

39.    AA, Zoucha and Moyo owed lawful contractual obligations to EMC.

40.    AA, Zoucha and Moyo breached their lawful obligations to EMC, and were in bad
       faith in so doing.

41.    Under Louisiana, California or other applicable law, EMC is entitled to recover
       all damages, foreseeable or not, that they sustained as a result of the bad faith
       breach of contract by AA, Zoucha and Moyo, including reasonable attorneys' fees,
       interest and costs.

### Count V
### Conspiracy

42.    AA, Zoucha, Moyo and others yet unknown conspired to commit all of the acts

described above, both in preparation and execution.

43.   As a result of the conspiracy of the defendants, each is responsible for the entirety of the obligations and debts owed to EMC, whether by way of solidarity or joint and several liability.

## Damages

44.   As a direct and proximate result of the unlawful, fraudulent and unfair acts of AA, Zoucha, Moyo and others yet unnamed, EMC sustained the loss of the Contract, with a gross value of $1,040,365.

45.   As a direct and proximate result of the unlawful, fraudulent and unfair acts of AA, Zoucha, Moyo and others yet unnamed, the Contract was terminated for default, thereby providing an impediment to EMC obtaining any future contracts with the United States of America, valued amounts to be determined at trial.

46.   As a direct and proximate cause of the unlawful, fraudulent and unfair acts of AA, Zoucha, Moyo and others yet unnamed, EMC  has sustained such damages as may be proven at trial for the loss of other business opportunities.

47.   Under the provisions of RICO, 18 U.S.C. § 1964, EMC is entitled to recover threefold the actual damages it sustained, together with reasonable attorneys' fees, costs, and interest.

48.   Under the provisions of the Louisiana Unfair Trade Practices Act, La. Rev. Stat.

51:1401, California law, or other applicable law, EMC is entitled to an award of reasonable attorneys' fees in addition to the actual damages sustained by EMC, together with interest and costs.

49.   Under the provisions of Louisiana, California, or other applicable law against fraud, EMC is entitled to all damages, foreseeable or not, caused by the fraudulent acts of the defendants,   together with reasonable attorneys' fees, interest and costs.

Prayer for Relief

Wherefore, Entek Mechanical Corp. prays that judgment be rendered as follows:

1.   Against AA Communications, Inc., James E. Zoucha, and Gwendolyn Joseph Moyo, *in solido* and jointly and severally, for all damages sustained by Entek Mechanical Corp., including

a.   $100,000.00 representing the security paid to AA;

b.   $52,018.35 representing the premium or commission paid to AA;

c.   $1,040,365 representing the lost gross value of the Contract;

d.   Additional amounts as may be proven at trial for the loss of future contracts from the United States of America;

e.   Additional amounts as may be proven at trial due to the loss of other business opportunities;

11

f.  Threefold the amount of all damages sustained by EMC;

g.  Reasonable attorneys' fees;

h.  All costs of these proceedings;

i.  Interest on all amounts from the date said amounts were due, or from

judicial demand, or from judgment, as the law provides; and

j.  Any and all other relief that law, justice, and equity require.

EZKOVICH & CO., LLC
Alan D. Ezkovich (# 1865) T.A.
Aaron J. Weidenhaft (# 30115)
650 Poydras Street, Suite 1220
New Orleans, Louisiana  70130
Telephone:   (504) 593-9899
Facsimile:    (504) 593-9048

By: _____
          Alan D. Ezkovich
Attorneys  for  Entek  Mechanical
Corporation

12